## CONDITIONS OF AUCTION SALES.

Common Pleas Court of Hamilton County.

### G. G. RICHARDSON v. W. F. KENNEDY ET AL.

Decided, January Term, 1919.

*Sales—Terms and Conditions which Bind the Seller—When the Sale is by Auction—Buyer without Remedy against Mistake in Catalogue, When—Cattle Bought under the Impression They had been Subjected to the Tuberculin Test.*

At an auction sale each purchaser is bound to ascertain at his peril the terms and conditions as announced at the beginning of the sale, and one depending upon a previous announcement by catalogue or an agent, which differs from the one made at the sale, is without remedy.

Carl Lehman, counsel for plaintiff, in support of motion for instructed verdict, cited and commented upon the following authorities:

*Hadley et al* v. *Clinton County Importing Co.,* 13 O. S., 505; *Eisenhauer* v. *Brosman,* 44 La. Ann., 742; *Satterfield* v. *Smith,* 33 N. S., 60; *Ashcom* v. *Smith,* 2 Penrose & Watts, 211,* 218; *Morrison* v. *Morrison,* Watson S., 516; *Vauleer* v. *Fain,* 6 Humphreys, 104; *Kennell* v. *Boyer,* 122 N. W. (Iowa), 941.

*Cunningham & Acomb,* for defendant.

The plaintiff held an auction sale of registered jersey cattle, and a printed catalogue was prepared by the auctioneer and circulated by mail which contained terms and conditions of sale, one of which was "tuberculin test chart furnished with each animal sold." This term was inserted in the catalogue by mistake, the cattle not having been tuberculin tested and the plaintiff having no tuberculin test charts. Plaintiff did not know of this mistake until the day preceding the sale. Under her instructions

the auctioneer, in making the public announcement of the terms and conditions of the sale immediately prior to its commencement, called the attention of the prospective bidders to this error and announced that the cattle would be sold under the following tuberculin test term:

"Buyers desiring tuberculin-test may have same at their expense. Any re-acting animals will be retained on the farm, and cost of test paid by the seller. All animals to be tested before leaving the farm."

Several days before the sale the defendant, W. F. Kennedy had received from the auctioneer one of the original catalogues which contained the erroneous tuberculin test term. He was not present at the time the sale commenced nor did he hear the announcement of the error in, and the change of, the tuberculin test term. He purchased two cattle and gave plaintiff a note signed by himself and his wife, defendant Mrs. W. F. Kennedy, for the purchase price, which is the note sued upon in this case.

No tuberculin test was requested by the defendant nor was one made before the cattle were removed from the farm. Subsequently a test was made by the state, and it was found that the cattle were tubercular at the time of the sale. There is no suggestion of fraud, and the fact that the cattle were tubercular was unknown to all parties. The defendants claimed that they were not liable upon the note, and also by way of cross-petition the defendant W. F. Kennedy asked for damages on the ground of the breach of an express warranty, arising from the original tuberculin test term, that the cattle were free from tuberculosis.

Plaintiff moved the court to instruct the jury to bring in a verdict for the plaintiff for the full amount claimed in her petition.

The motion was granted and Judge Geoghegan instructed the jury as follows:

"*Gentlemen of the Jury*: The evidence has been closed and the plaintiff has made a motion for peremptory instruction in

her favor, and the court grants that motion and it is only ·fair
to let you know why.

"At all auction sales persons are bound to apprise themselves
of any terms and conditions of the sale made at the time set for
the sale.     You will  observe, this  case  is based  on what  we
lawyers call or term as express warranty, that these heifers ·were
free from tuberculosis, and that a tuberculin test chart would be
furnished to each buyer. . The undisputed evidence is that there
was a mistake as to this on the part of the auctioneer who pre-
pared the catalog, and that before commencing the sale it was
announced that the charts would not be furnished because the
test had not been made, but that if anybody desired a chart, it
would be furnished after the test had been made.

"The defendant does not dispute this, but he says he did not
hear it.

"At auction sales persons are bound at their peril to hear the
terms of sale as announced, because circumstances and conditions
often change between the time of the printing of the catalog
and the time of sale; so all persons are bound to hear the terms of
sale at their own peril.    There may be typographical errors or
some things may be stated by agents which are not true in fact,  .
and it would only be fair to the persons attending the sale that
the truth be told them.   So, as a matter of convenience, all per-
sons must apprise themselves of the conditions and must be
present when the auctioneer cries the sale to so apprise them-
selves.    If that were not the case, Mrs. Richardson would
have had to go through with that sale leaving all persons
believing that the cattle had been tested, which was not
true, or else after each bid the auctioneer would have had to an-
nounce to any person who might be there that the statement in
the catalog was not in accordance with the facts.   For instance,
as to these two heifers, if Mr. Kennedy came along after
somebody had bid $100, and he had rushed in and said—
"I bid $125," well before the auctioneer accepted he would have
had to say—"Why, Mr. Kennedy, we changed this condition as to
the tuberculin test chart."   So the law has to adopt the most
expedient way and make it obligatory for all persons to be there,
at the time fixed for the crying of the sale at their peril, in order
to know of changed conditions.   Any of you who have attended
sales know that such changes are made.

"If Mr. Kennedy was not bound to hear, then he is entitled to
recover, because Mrs. Richardson and her attorney do not dis-

pute the fact that these cattle were to be free from tuberculosis according to the catalog.

"As there is no dispute in the matter as to its being stated that the cattle had not been given the tubercular test, if defendant were bound to hear, then it was binding upon him, and it is no excuse for him to say he was not there at the time the auctioneer announced the mistake in the catalog.

"So, therefore, it will be your duty to return a verdict for $125 and interest, or $143.75."